UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:18-CV-171-TBR

BENJAMIN WALDEN, *et al.*,                                                      PLAINTIFFS

v.

LYNN PRYOR, *et al.*,                                                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Lynn Pryor's Motion to Dismiss for Failure to State a Claim. [DN 20]. Plaintiffs Benjamin and Kristen Walden responded, [DN 25], and Defendant replied, [DN 26]. This matter is ripe for adjudication. For the reasons stated herein: Defendant's Motion to Dismiss for Failure to State a Claim, [DN 20], is GRANTED in part and DENIED in part.

## BACKGROUND

On February 3, 2017, Ms. Pryor commenced a criminal action as a Commonwealth Attorney in Christian County, Kentucky against Mr. Walden for the following charges: 1st Degree Sodomy; 1st Degree Rape; Assault 4th Degree, Minor Injury; Promoting Prostitution; Official Misconduct, 1st Degree; Terroristic Threatening, 3rd Degree; Intimidating a Participant in a Legal Process; Retaliating Against a Participant in a Legal Process; and Tampering with a Witness. [DN 1-1 at 2–3]. Mr. Walden then filed the current action against Ms. Pryor in her official and individual capacities alleging claims of malicious prosecution, defamation and libel, outrage, false imprisonment, and violations of 42 U.S.C. § 1983. [*See* DN 1-1]. Subsequently, Ms. Pryor filed a Motion to Dismiss for Failure to State a Claim. [DN 4]. The Court partially granted the motion

but allowed Mr. Walden's malicious prosecution and false imprisonment claims against Ms. Pryor in her individual capacity to continue. [DN 14].

On June 21, 2019, the Court granted Mr. Walden's motion to file an amended complaint. [DN 16]. Mr. Walden's First Amended Complaint added three parties to the case: his wife, Kristen Walden, as a plaintiff, and the Kentucky State Police ("KSP") and Kentucky State Trooper Zachary Jones as defendants. [DN 18]. Mr. Walden claims that KSP and Mr. Jones violated his constitutional rights pursuant to 42 U.S.C. § 1983, and committed malicious prosecution, defamation and libel, and outrage under state law. *Id.* at 86–89. Additionally, the First Amended Complaint states that Ms. Pryor breached her duty to disclose exculpatory evidence. *Id.* at 89. Finally, Ms. Walden asserts a claim for loss of consortium against each defendant. *Id.* at 87. Ms. Pryor then filed the Motion to Dismiss the First Amended Complaint currently before the Court. [DN 20].

## LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a motion to dismiss under Rule 12(b)(6), a party must "plead enough 'factual matter' to raise a 'plausible' inference of wrongdoing." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). When considering a Rule 12(b)(6) motion to dismiss, the

Court must presume all of the factual allegations in the complaint are true and draw all reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc.*, 552 F.3d at 434 (citing *Great Lakes Steel,* 716 F.2d at 1105). "The court need not, however, accept unwarranted factual inferences." *Id.* (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). Should the well-pleaded facts support no "more than the mere possibility of misconduct," then dismissal is warranted. *Iqbal*, 556 U.S at 679. The Court may grant a motion to dismiss "only if, after drawing all reasonable inferences from the allegations in the complaint in favor of the plaintiff, the complaint still fails to allege a plausible theory of relief." *Garceau v. City of Flint*, 572 F. App'x 369, 371 (6th Cir. 2014) (citing *Iqbal*, 556 U.S. at 677–79).

## DISCUSSION

There are four outstanding claims against Ms. Pryor: false imprisonment, loss of consortium, malicious prosecution, and breach of duty to disclose exculpatory evidence. The Court will address each claim below.

### I. False Imprisonment

First, Ms. Pryor argues that Plaintiffs' false imprisonment claim should be dismissed because it was raised outside the relevant statute of limitations. [DN 20-1 at 102]. Pursuant to KRS 413.140(1)(c), malicious or false arrest claims have a one-year statute of limitations. *Id.* In this case, Mr. Walden was arrested on September 27, 2016 and released on October 7, 2016. *Id.* at 102–03. He may have been briefly detained after he was indicted on February 3, 2017. *Id.* at 103. Thus, Ms. Pryor argues, the latest Mr. Walden could bring his false imprisonment claim would be February 3, 2018. *Id.* However, the current action was not filed until October 22, 2018. *Id.* In their

response, Plaintiffs do not dispute that KRS 413.140(1)(c) applies to their claim, but argue that the limitations period begins to run when the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, his injury was caused by the defendant's conduct. [DN 25 at 133–34]. Mr. Walden claims he did not become aware that Ms. Pryor's conduct was actionable until the special prosecutor recommended all charges against him be dismissed in May 2018. *Id.* at 134. Thus, Plaintiffs believe their October 2018 Complaint was filed within the one-year statute of limitations. *Id.* Alternatively, Plaintiffs argue that the statute of limitations should be tolled because Ms. Pryor intentionally concealed her wrongdoing in order to induce Plaintiffs' inaction. *Id.*

In *Dunn v. Felty*, the Kentucky Supreme Court addressed the issue: "when does the statute of limitations begin to run against an arrestee's claim for false imprisonment or false arrest?" *Dunn v. Felty*, 226 S.W.3d 68, 69 (Ky. 2007). First, the court noted that KRS 413.140(1)(c)'s one-year statute of limitations applies to claims for false imprisonment. *Id.* at 70–71. It then discussed the U.S. Supreme Court's holding in *Wallace v. Kato* in which a false imprisonment claim was filed nine years after the plaintiff's allegedly illegal arrest, but less than one year after prosecutors dropped charges against him. *See id.* at 71 (citing *Wallace v. Kato,* 549 U.S. 384, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007)). In *Wallace*, the Supreme Court found that "limitations begin to run against an action for false imprisonment when the alleged false imprisonment ends." *Id.* at 72 (citing *Wallace*, 549 U.S. at 1095–96) (internal citations omitted). The Court reasoned that because "false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held *pursuant to such process*-when for example, he is bound over by a

4

magistrate or arraigned on charges." *Id.* (citing *Wallace*, 549 U.S. at 1095–96). The Kentucky Supreme Court adopted the Court's reasoning and concluded that "Dunn's false imprisonment ended when he became held pursuant to legal process," i.e., "when he was arraigned on the charges." *Id.* Since Dunn filed his claim more than 17 months after his arraignment, the action was time-barred by the one-year statute of limitations. *Id.*; s*ee also Thieneman v. Smith,* No. 3:17-CV-292-DJH, 2018 WL 1522357, at *10 (W.D. Ky. Mar. 28, 2018); *Hyche v. Molett*, No. 2016-CA-000089-MR, 2018 WL 2187006, at *4 (Ky. Ct. App. May 11, 2018).

In this case, Mr. Walden's false imprisonment claim was untimely. Mr. Walden was arrested on September 27, 2016 and released on October 7, 2016. [DN 21-1 at 102–03]. According to the Christian County District Court's docket, Mr. Walden was arraigned on September 28, 2016. [DN 20-3]. Pursuant to Kentucky case law, Mr. Walden's alleged false imprisonment ended when he was arraigned on the charges. Therefore, the statute of limitations for Mr. Walden's false imprisonment claim began running on September 28, 2016. *See Dunn v. Felty*, 226 S.W.3d 68, 74 (Ky. 2007). Since Mr. Walden did not file his false imprisonment claim until nearly two years later on October 22, 2018, his claim is barred by the one-year statute of limitations. Moreover, the Court is unpersuaded that Ms. Pryor intentionally deceived Plaintiff in order to prevent him from filing his cause of action in a timely manner. Thus, Plaintiff's argument that the statute of limitations should be tolled is without merit. Accordingly, Ms. Pryor's motion to dismiss is GRANTED and Plaintiff's false imprisonment claim is dismissed with prejudiced.

II.     **Loss of Consortium**

Ms. Pryor claims that Ms. Walden's loss of consortium claim is also time-barred. [DN 20-1 at 104]. She argues that KRS 413.140(1)(a) establishes a one-year statute of limitations for loss of consortium claims. *Id.* Since Ms. Walden's claim presumably relates to Mr. Walden's detention from September 27, 2016 to October 7, 2016, she had until October 7, 2017 to file her claim. *Id.* at 105. Ms. Walden brought her claim on July 5, 2019, and therefore, Ms. Pryor argues, it is time-barred. *Id.* In response, Plaintiffs argue that Ms. Walden's cause of action is derivative of Mr. Walden's false imprisonment claim. [DN 25 at 135]. Since Plaintiffs believe that Mr. Walden's claim did not arise until the charges against him were dropped by the special prosecutor in May 2018, they argue Ms. Walden's claim also did not accrue until May 2018. *Id.* at 135–36. Moreover, Plaintiffs argue that Ms. Walden's cause of action should relate back to the date the Complaint was filed on October 22, 2018, rather than the date she entered the lawsuit and filed the loss of consortium claim, July 5, 2019. *Id.* at 136.

Regardless of whether Ms. Walden's claim relates back to the filing of the Complaint, the Court finds that the loss of consortium claim is time-barred. Pursuant to KRS 411.145(1)-(2), a loss of consortium claim permits a spouse to recover from a third party whose negligence or wrongful act resulted in the loss of "services, assistance, aid, society, companionship, and conjugal relationship between husband and wife, or wife and husband." KRS 411.145(1)-(2). "An action for loss of consortium is required to be brought within one year after the injury." *Floyd v. Gray*, 657 S.W.2d 936, 938 (Ky. 1983). Presumably, Ms. Walden's loss of consortium claim against Ms. Pryor arises from the time Mr. Walden spent in jail from September 27, 2016 to October 7, 2016. Thus, Ms. Walden had one year after this injury, or until October 7, 2017, to file her loss of

consortium claim. Since this lawsuit was not filed until October 22, 2018, the cause of action is time-barred. Accordingly, Ms. Pryor's motion to dismiss is GRANTED and Plaintiff's loss of consortium claim is dismissed with prejudiced.

### III. Malicious Prosecution

In her first Motion to Dismiss, Ms. Pryor argued that Plaintiff's claims should be dismissed based on absolute immunity, qualified immunity, and failure to state a claim. [*See* DN 4]. First, the Court considered Plaintiff's state law claims, including the claim for malicious prosecution, and found that "Pryor is entitled to absolute immunity for presenting the charges to the Christian County Grand Jury." [DN 14 at 77]. Additionally, the Court declined to find that Ms. Pryor was entitled to qualified immunity as to Plaintiff's state law claims at this stage of the litigation. *Id.* at 78. Finally, the Court held that Plaintiff successfully stated a claim for malicious prosecution. *Id.* In her second Motion to Dismiss, Ms. Pryor again argues that Plaintiff's malicious prosecution claim should be dismissed on the basis of absolute immunity and for failure to state a claim upon which relief can be granted. [DN 20-1 at 105]. Given that the Court has previously addressed both arguments, it declines to do so again here. Thus, Ms. Pryor's motion to dismiss Plaintiff's malicious prosecution claim is DENIED.

### IV. Breach of Duty to Disclose Exculpatory Evidence

Finally, Plaintiffs claim Ms. Pryor "breached her duty to disclose exculpatory evidence." [DN 18 at 89]. In her Motion to Dismiss, Ms. Pryor notes it "is unclear what claim Plaintiffs assert" in regard to this allegation, but "[t]o the extent they are attempting to provide further factual allegations in support of a § 1983 claim for an alleged improper investigation in a claim for

malicious prosecution under the Fourth Amendment, there is no constitutional duty to disclose exculpatory evidence at the investigatory stage of prosecution." [DN 20-1 at 108]. Even assuming she did breach a duty to disclose exculpatory evidence, Ms. Pryor argues she is entitled to absolute immunity for her actions. *Id.* In response, Plaintiffs do not contest Ms. Pryor's interpretation of their breach of duty claim. [*See* DN 25 at 138]. However, Plaintiffs argue that Ms. Pryor is only entitled to absolute immunity within the scope of a prosecutor's "normal duties." *Id.* Since "[a] prosecutor's normal duties do not extend to unethically failing to disclose exculpatory evidence," Plaintiffs assert that Ms. Pryor is not protected by absolute immunity. *Id.*

As noted in the Court's initial Memorandum Opinion and Order, the Sixth Circuit recently provided a concise explanation of absolute immunity in *Hall v. City of Williamsburg*:

> "An absolute immunity defeats a suit at the outset, so long as the official's actions were within the scope of the immunity." *Imbler v. Pachtman*, 424 U.S. 409, 419 n.13, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). Absolutely protected acts include those "undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State . . . ." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993). We have employed a "functional approach" to determine whether a prosecutor is entitled to absolute immunity, looking to "the nature of the function performed, not the identity of the actor who performed it" when assessing whether conduct is prosecutorial, and thus absolutely protected. *Id.* at 269, 113 S.Ct. 2606 (citation omitted).
>
> Absolute immunity protects "only . . . actions that are connected with the prosecutor's role in judicial proceedings, not . . . every litigation-inducing conduct." *Adams v. Hanson*, 656 F.3d 397, 402 (6th Cir. 2011) (alteration in original) (quoting *Burns v. Reed*, 500 U.S. 478, 494, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991)). Absolute immunity is not available to prosecutors when they perform "'investigative' or 'administrative' functions unrelated to judicial proceedings." *Id.* In addition, a prosecutor is not entitled to absolute immunity when he acts as a complaining witness by making sworn statements to the court in support of a criminal complaint. *Kalina v. Fletcher*, 522 U.S. 118, 129–131, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997).

*Hall v. City of Williamsburg*, No. 18-5618, 2019 WL 1470951, at \*5–6 (6th Cir. Apr. 1, 2019). Moreover, the Sixth Circuit has held, "[f]ailure to disclose purportedly exculpatory evidence clearly falls within the judicial stage and is protected by absolute immunity." *Howell v. Sanders*, 668 F.3d 344, 354 (6th Cir. 2012) (citing *Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010)) (finding "prosecutors have absolute immunity from civil liability for the non-disclosure of exculpatory information at trial."). Indeed, the Supreme Court noted that while failure to disclose exculpatory information is "reprehensible," allowing civil actions for such allegations would "weaken the adversary system at the same time it interfered seriously with the legitimate exercise of prosecutorial discretion." *Imbler v. Pachtman*, 424 U.S. 409, 431 n.34, 96 S.Ct. 984 (1976). Thus, in this case, regardless of whether Ms. Pryor actually breached her duty to disclose exculpatory evidence, she is protected by absolute immunity in this matter. Accordingly, Ms. Pryor's motion to dismiss is GRANTED and Plaintiffs' claim is dismissed with prejudice.

## CONCLUSION

For the reasons stated herein: **IT IS HEREBY ORDERED**: Defendant's Motion to Dismiss for Failure to State a Claim, [DN 20], is **GRANTED** in part and **DENIED** in part. Plaintiffs' false imprisonment, loss of consortium, and breach of duty to disclose exculpatory evidence claims against Defendant Pryor are dismissed with prejudice.

**IT IS SO ORDERED.**

**Thomas B. Russell, Senior Judge**
**United States District Court**

October 28, 2019

CC: Attorneys of Record